967 A.2d 843

IN THE MATTER OF JOSE VICTOR BERNARDINO, A/K/A JOSEPH BERNARDINO, AN ATTORNEY AT LAW.

February 27, 2009.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 08–232, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14(a)(4)(E), **JOSE VICTOR BERNARDINO, a/k/a JOSEPH BERNARDINO,** of **PHILADELPHIA, PENNSYLVANIA,** who was admitted to the bar of this State in 1999, and who has been suspended from the practice of law since February 27, 2008, should be suspended from the practice of law for a period of three years based on discipline imposed in the Commonwealth of Pennsylvania for conduct that in New Jersey violates *RPC* 8.1(a) (knowingly making false statement of material fact on bar admission application), *RPC* 8.1(b) (failing to disclose a fact necessary to correct a misapprehension known to have arisen in the matter), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further determined that respondent should not be reinstated to practice in New Jersey until he is reinstated in Pennsylvania;

And good cause appearing;

It is ORDERED that **JOSE VICTOR BERNARDINO, a/k/a JOSEPH BERNARDINO,** is suspended from the practice of law for a period of three years and until the further Order of the Court, effective February 28, 2009; and it is further

ORDERED that respondent shall not be reinstated to the practice of law in New Jersey unless and until he is reinstated to practice in Pennsylvania; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.